IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MATTHEW LOCHER**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**DABELLA EXTERIORS LLC** an Oregon corporation,<br><br>Defendant, | NO.<br><br>**COMPLAINT**<br><br>***JURY DEMAND*** |

Under the Washington Paid Family Medical Leave Act ("WPFLA"), the Washington Law Against Discrimination ("WLAD"), the Family Medical Leave Act ("FMLA"), and common law, Matthew Locher, brings this civil action to redress medical discrimination, disability discrimination, and retaliation, that he endured while working for DaBella Exteriors LLC.

**COMPLAINT -** 1

# I. PARTIES

1.1     Plaintiff MATTHEW LOCHER ("Locher" or "Plaintiff") is an individual who at all times material hereto resided in the State of Washington.

1.2     Defendant, DABELLA EXTERIORS LLC (hereinafter "DaBella" or "Defendant") is a company doing business with a brick-and-mortar location in Clark County, Washington and conducting business in Washington State.

# II. JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction over Mr. Locher's claim pursuant to the FMLA, 29 U.S.C. § 2601 *et. seq.*

2.2     This Court has supplemental jurisdiction over Mr. Locher's Washington state law claims pursuant to 28 U.S.C. § 1367.

2.3     Venue properly rests with this Court pursuant to 28 U.S.C. § 1391(b)(2).

# III. FACTS

3.1     In June 2023, DaBella hired Mr. Locher for the position of Okta Administrator and IT Specialist.

COMPLAINT - 2

McHugh Law PLLC
612 E. McLoughlin Blvd.
Vancouver, WA 98663
Phone: 360-558-7099 Fax: 360-524-7540

3.2  During Mr. Locher's tenure with the company, he performed his work proficiently, never receiving a negative performance review or disciplinary write-up for any reason.

3.3  In fact, for approximately a year after his start date, Mr. Locher performed so well that on or around May 29, 2024, DaBella offered Mr. Locher a promotion, a position as "Cyber Security Analyst", making an annual $70,000.00 and reporting to the Austin, TX location. Mr. Locher informed DaBella that he accepted the position and was planning on moving to Austin.

3.4  On the same day, on or around May 29, 2024, Mr. Locher emailed DaBella to inform the company that he planned on taking medical leave through Washington State's Paid Family Medical Leave Program ("PFMLA"), because Mr. Locher had a serious medical condition that required him to take medical leave.

3.5  On or around June 4, 2024, Mr. Locher applied for medical leave through Washington's PFMLA program and was granted the medical leave. Mr. Locher then submitted his PFMLA paperwork to DaBella to inform the company that he had commenced his protected leave.

3.6  Initially, Mr. Locher was scheduled to return to work on June 29, 2024, but in June he requested to extend his leave due to his doctor's request.

COMPLAINT - 3

3.7   On June 25, 2024, after receiving Mr. Locher's request to extend his medical leave, and with knowledge of Mr. Locher's disability and request for accommodations, but before Mr. Locher returned from protected leave, DaBella terminated Mr. Locher's employment, claiming that it was due to "company restructuring". DaBella further claimed that, "[a]s per Washington State policy and the terms of your leave, there is no job protection associated with this leave."

3.8   Despite claiming that Mr. Locher was terminated due to "company restructuring", DaBella advertised for a "Cyber Security Analyst" in Austin, Texas shortly after Mr. Locher was terminated, demonstrating that the position was not eliminated.

## IV. FIRST CAUSE OF ACTION
### Interference, Failure to Reinstate, and Retaliation Under the WPFLA

4.1   Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

4.2   The Washington Paid Family Medical Leave Act, RCW 50A *et. seq.*, ("WPFLA") among other things, provides reasonable leave for family members with medical conditions, and their treatment and recovery.

4.3   It is an unlawful practice to "[i]nterfere with, restrain, or deny the exercise of, or the attempt to exercise, any valid right provided under [RCW 50A]." RCW 50A.40.010(1)(a).

**COMPLAINT - 4**

4.4  DaBella has more than 50 employees, Mr. Locher had worked for DaBella for twelve (12) months, and he had worked 1,250 hours to qualify for paid medical leave reinstatement under RCW 50A.35.010.

4.5  While attempting to utilize leave for his medical condition, treatment, and recovery, Defendant knowingly and willfully terminated Plaintiff while on leave.

4.6  Defendants' actions violated the WPFLA by willfully and knowingly interfering with Plaintiff's medical leave and rights under RCW 50A *et. seq.* by using his medical leave as a negative factor for his termination.

4.7  Defendants violated the WPFLA by knowingly and willfully retaliating against Plaintiff by terminating his employment for engaging in protected activity under the WPFLA under RCW 50A.40.010.

4.8  As a consequence of the unlawful conduct of Defendants, Plaintiff has been injured and damaged in an amount to be proven at trial.

## V.  SECOND CAUSE OF ACTION:
**Wrongful Discharge in Violation of Public Policy**

5.1  Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

5.2  The aforementioned conduct of Defendants violated the clear mandates of public policy which prohibits any person or entity from terminating an employee for taking medical leave as an accommodation.

COMPLAINT - 5

5.3    Washington law and federal law, demonstrate a clear public policy that people should not be terminated while utilizing medical leave as an accommodation, including but not limited to the Washington Paid Family and Medical Leave Act ("WPFLA"), RCW 50A *et. seq.,* the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220 (b) and (c), a d the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et. seq.,* and common law such as *Roberts v. Dudley*, 993 P.2d 901, 140 Wash. 2d 58 (2000).

5.4    Defendants wrongfully terminated Plaintiff for taking medical leave and requests to utilize medical leave, and refused to reinstate him to his position.

5.5    As a consequence of the unlawful conduct of Defendants, Plaintiff has been injured and damaged in an amount to be proven at trial.

## VI. THIRD CAUSE OF ACTION
**Disability Discrimination, Retaliation, and Failure to Accommodate Under the WLAD**

6.1    Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

6.2    The conduct of Defendant amounted to unlawful discrimination in violation of Washington's Law Against Discrimination, RCW 49.60 *et. seq.*, which, among other things, prohibits discrimination based upon disability or the

**COMPLAINT - 6**

perception of disability, and protects a worker from retaliation for exercising rights afforded by law or for opposing unfair or discriminatory employment practices:

**RCW 49.60.180 - Unfair practices of employers.**

It is an unfair practice for any employer:

(1) To refuse to hire any person because of . . . disability[.]

(2) To discharge or bar any person from employment because of . . . disability[.]

(3) To discriminate against any person in compensation or in other terms or conditions of employment because of . . . disability[.]

6.3    It is additionally an unfair practice for employers to fail to accommodate or fail to engage in the interactive process with a disabled employee.

6.4    Defendant failed to engage in the interactive process and failed to reasonably accommodate Plaintiff.

6.5    Additionally, retaliation is prohibited under the WLAD, RCW 49.60, *et. seq.*

**RCW 49.60.210 - Retaliation Prohibited**

> It is an unfair practice for any employer or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or

COMPLAINT - 7

she has filed a charge, testified, or assisted in any proceeding under this chapter.

6.6   Defendants retaliated against Plaintiff for engaging in protected activity such as requesting accommodations such as medical leave, and extensions of his medical under RCW 49.60 *et. seq.*

6.7   It is additionally an unfair practice for defendants to "aid and abet" discrimination:

**RCW 49.60.220 - Unfair practice to aid violation.**

It is an unfair practice for any person to aid, abet, encourage, or incite the commission of any unfair practice, or to attempt to obstruct or prevent any other person from complying with the provisions of this chapter or any order issued thereunder.

6.8   Defendant aided and abetted discrimination on the basis of disability under RCW 49.60.220.

6.9   Defendants are additionally strictly liable for the acts and omissions of its officers and managers pursuant to the WLAD, RCW 49.60 *et. seq.*

6.10   As a consequence of the unlawful conduct of Defendant, Plaintiff has been injured and damaged in an amount to be proven at trial.

COMPLAINT - 8

McHugh Law PLLC
612 E. McLoughlin Blvd.
Vancouver, WA 98663
Phone: 360-558-7099 Fax: 360-524-7540

## VII. FOURTH CAUSE OF ACTION
### Interference, Failure to Reinstate and Retaliation
### Under the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq.*

7.1  Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

7.2  Defendant is a covered employer under FMLA.

7.3  Plaintiff was an employee eligible for leave under FMLA.

7.4  Notice of Plaintiff's intention to take medical leave was given to the employer.

7.5  Plaintiff was denied the use of his full medical leave by Defendant.

7.6  Defendant interfered with Plaintiff's rights under FMLA when Defendant terminated Plaintiff while still utilizing medical leave.

7.7  Defendant unlawfully failed to reinstate Mr. Locher after his protected leave. *See* 29 U.S.C. § 2614(a)(1); *see also* 29 C.F.R. § 825.214.

7.8  Defendants willfully terminated Plaintiff and used his requests for medical leave and extension of medical leave as a negative factor when making the determination to terminate Plaintiff.

7.9  As a result of these violations, Plaintiff suffered damages to be proven at trial.

COMPLAINT - 9

McHugh Law PLLC
612 E. McLoughlin Blvd.
Vancouver, WA 98663
Phone: 360-558-7099 Fax: 360-524-7540

## VIII. RESERVATION OF RIGHTS

8.1 Plaintiff reserves the right to seek declaratory relief, add additional claims or parties, including but not limited to other members, officers, or managers during the course of the litigation as information is obtained through discovery.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For Plaintiff's economic damages, including but not limited to past and future lost wages, benefits and other lost pecuniary benefits of employment under RCW 49.60, *et. seq.,* RCW 50A.40.030, 29 U.S.C. § 2617, and common law;

2. For Plaintiff's non-economic damages, past and future, for the harm Mr. Locher suffered, including but not limited to, emotional distress, humiliation, loss of enjoyment of life, mental anguish, and reputational harm, pursuant to RCW 49.60.030 and common law;

3. For Plaintiff's reasonable attorneys' fees, costs, and expenses of litigation incurred herein pursuant to RCW 49.60.030(2), 29 U.S.C. § 2617, 50A.40.030;

COMPLAINT - 10

McHugh Law PLLC
612 E. McLoughlin Blvd.
Vancouver, WA 98663
Phone: 360-558-7099 Fax: 360-524-7540

4. For Plaintiff's liquidated damages pursuant to 29 U.S.C. § 2617 and RCW 50A.40.030;

5. Reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

6. For pre- and post-judgment interest pursuant to 29 U.S.C. § 2617, RCW 50A.40.030 and Washington law as set forth above;

7. For offsets for tax consequences;

8. A declaratory judgment that Defendant's actions violated the WLAD, WPFLA, and FMLA; and

3. For such other and further relief as the Court deems just and equitable.

4.

## JURY DEMAD

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 15th day of August, 2025

_____
COLIN F. McHUGH, WSBA No. 47108
McHugh Law, PLLC
*Attorney for Plaintiff*

**COMPLAINT -** 11